UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHBURTON INTERNATIONAL SUPPLY S.L.,<br><br>　　Plaintiff,<br><br>vs.<br><br>PETROLEOS DE VENEZUELA, S.A., PDVSA SERVICES, INC., AND BARIVEN, S.A.<br><br>　　Defendants. | § § § § § § § § § § § § § § § Case No. 4:20-cv-02426 |

### DEFENDANTS PETROLEOS DE VENEZUELA, S.A. AND BARIVEN, S.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, and without waiving any rights, privileges, or defenses, Defendants Petroleos de Venezuela, S.A., and Bariven, S.A., (collectively, the "Venezuelan Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action (the "Action") from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas. The grounds for removal are as follows:

#### SUMMARY

A defendant may properly remove an action from state court pursuant to 28 U.S.C. § 1441(d) if the civil action is brought in a state court against a foreign state, as defined in 28 U.S.C. § 1603, which includes an agency or instrumentality of a foreign state. 28 U.S.C. § 1441(d). An "agency or instrumentality of a foreign state" includes an organ of a foreign state or an entity whose majority of shares or other ownership interest is owned by a foreign state. 28 U.S.C. § 1603(b). Federal courts have original jurisdiction over foreign states under 28 U.S.C. § 1330, and

28 U.S.C. § 1367 allows supplemental jurisdiction in related cases where original federal jurisdiction exists. The Venezuelan Defendants are organs of the Bolivarian Republic of Venezuela ("Venezuela") and are, therefore, agencies or instrumentalities of a foreign state. Accordingly, the Venezuelan Defendants each qualify as a foreign state for purposes of § 1441(d) and may properly remove this action.

## PROCEDURAL HISTORY AND BACKGROUND

1. On June 9, 2020, Plaintiff Ashburton International Supply S.L ("Ashburton") commenced this action by filing a petition in the District Court of Harris County, Texas, styled *Ashburton International Supply S.L v. Petroleos de Venezuela, S.A., PDVSA Services, Inc., and Bariven, S.A.* (collectively, the "Defendants") (Case No. 2020-34502). The petition alleges that Ashburton delivered goods and services to the Defendants, which they accepted and used, but for which they failed to pay. *See* Exhibit 1, Petition, ¶¶ 19–33. Ashburton seeks money damages against the Defendants for their alleged failure to pay invoices in the amount of $4,784,441.02, plus interest, attorneys' fees and costs. *See id* at ¶¶ 33, 56, 68–69.

2. On January 23, 2019, Juan Guaidó ratified the application of article 233 of the Constitution of Venezuela, acting as Interim President of Venezuela. That same day, President Donald Trump issued a statement officially recognizing President Guaidó as the Interim President of Venezuela and rejecting the legitimacy of the Maduro government.[1] In accordance with the Constitution of Venezuela, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela"

---

[1] The White House, *Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaido as the Interim President of Venezuela* (Jan. 23, 2019), available at https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

2

(the "Transition Statute"). Pursuant to Article 15.b of the Transition Statute, the Special Attorney General designated by Interim President Guaidó has the power to appoint counsel of state-owned entities in international litigation. The undersigned counsel is authorized by the Special Attorney General and the PDVSA Ad Hoc Board designated by Interim President Juan Guaidó to appear on behalf of the Venezuelan Defendants and to file this Notice of Removal.

3.  Ashburton claims to have served PDVSA Services, Inc. through service on its registered agent on June 15, 2020. The return of service was filed in state court on June 15, 2020 and PDVSA Services, Inc. filed its Answer on July 2, 2020. Copies of the state court filings are included in Exhibit 2.

4.  The Venezuelan Defendants have not been served with the summons or the complaint. By filing this Notice of Removal, the Venezuelan Defendants do not waive their rights to object to any attempted service of process that is not in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Texas, or any other applicable law or treaty. Further, the Venezuelan Defendants do not concede that the allegations in the Petition state a valid claim under any applicable law.

5.  Pursuant to Local Rule LR81, the Venezuelan Defendants include with this filing a copy of any executed process, pleadings and orders issued by the state court; the docket sheet; a list of all counsel of record, including addresses, telephone numbers and parties represented; and an index of matters being filed. *See* Exhibits 2, 3 and 4.

**REMOVAL OF ACTION AGAINST A FOREIGN STATE**

6.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where

the action is pending." As demonstrated below, this action is removable under 28 U.S.C. § 1441(d) because Plaintiff has filed this action in state court against an agency or instrumentality of a foreign state, as defined by the Foreign Sovereign Immunities Act, codified at 28 U.S.C. § 1602 *et seq.*

7. Under 28 U.S.C. § 1441(d), a foreign state, or an agency or instrumentality of a foreign state, has an absolute right to remove any suit to which it is a party. *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 489 (1983) (citing § 1441(d) and explaining that the Foreign Sovereign Immunities Act "guarantees foreign states the right to remove any civil action from a state court to federal court"); *see also Talbot v. Saipem A.G.,* 835 F.Supp. 352, 353 (S.D. Tex. 1993) (interpreting § 1441(d) broadly and explaining that for purposes of removal, the Act "grants a foreign state an absolute right to removal"). Section 1441(d) provides that:

> Any civil action brought in a State Court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

8. Each of the Venezuelan Defendants is a "foreign state" as defined by Section 1603 of the Foreign Sovereign Immunities Act. A "foreign state" "includes . . . an agency or instrumentality of a foreign state," which is defined as an entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . , nor created under the laws of any third country," 28 U.S.C. § 1603. Second-tier entities that are indirectly majority-owned by a foreign state are included in this definition. *See, e.g.*, *Delgado v. Shell Oil Co.*, 890 F. Supp. 1315, 1318-19 (S.D. Tex. 1994), *aff'd*, 231 F.3d 165, 175-76 (5th Cir. 2000) ("we hold that the majority ownership requirement for an entity to qualify as a 'foreign state'

4

under the FSIA is satisfied by tiered or indirect majority ownership to the same extent that it is satisfied by direct ownership"); *Talbot*, 835 F. Supp. at 353 n2.

9. Petroleos de Venezuela, S.A. ("PDVSA") meets the definition of "foreign state" as set forth in 28 U.S.C. § 1603(a). PDVSA is a capital stock corporation (*sociedad anónima*) organized under Venezuelan law that is wholly-owned by the Republic of Venezuela. PDVSA is Venezuela's state-owned oil company. PDVSA is not a citizen of the United States, nor is it created under the laws of any third country. PDVSA is an organ of Venezuela and thus qualifies as an agency or instrumentality of Venezuela under Section 1603(b) of the Foreign Sovereign Immunities Act.[2] PDVSA is therefore a "foreign state" under 28 U.S.C. 1603(a) and may remove this action to this Court under 28 U.S.C. § 1441(d).

10. Bariven, S.A. ("Bariven") meets the definition of "foreign state" as set forth in 28 U.S.C. § 1603(a). Bariven is a Venezuelan corporation, wholly-owned by PDVSA. As set forth above, PDVSA qualifies as a "foreign state" under the Foreign Sovereign Immunities Act and, thus, Bariven qualifies as a "foreign state" under the Act. *See* 28 U.S.C. § 1603(a); *Delgado*, 890 F. Supp. at 1318-19 (finding the definition of a "foreign state" includes second-tier entities indirectly majority-owned by a foreign state). Bariven is not a citizen of the United States, nor is it created under the laws of any third country. Bariven is an organ of Venezuela and, thus, qualifies as an agency or instrumentality of Venezuela under Section 1603(b) of the Foreign Sovereign Immunities Act.[3] *See RSM Prod. Corp. v. Petroleos de Venezuela Societa Amonima (PDVSA)*, 338 F.Supp.2d 1208, 1216 (D. Colo. 2004) (holding that a wholly owned subsidiary of PDVSA qualifies as an agency or instrumentality of Venezuela under the Foreign Sovereign Immunities

---

[2] Plaintiff acknowledges that "PDVSA is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b)." Pet. ¶ 3.
[3] Plaintiff acknowledges that "Bariven is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b)." Pet. ¶ 5.

5

Act). Bariven is therefore a "foreign state" under 28 U.S.C. 1603(a) and may remove this action to this Court under 28 U.S.C. § 1441(d). *Delgado*, 890 F. Supp. at 1318-19.

## PROCEDURAL REQUIREMENTS

11. The procedural requirements set forth in 28 U.S.C. § 1446 have been satisfied.

12. Section 1446(a) requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which the Venezuelan Defendants satisfy with the filing of this Notice of Removal.

13. Section 1446(a) also requires the removing party to provide a copy to the district court of all process, pleadings, and orders served on the defendants in the state action. The Venezuelan Defendants satisfy these requirements of Section 1446(a) by attaching these documents to this Notice of Removal as Exhibit 2.

14. Under Section 1446(b)(1), notice of removal must be filed within thirty (30) days of the defendant's receipt of the initial pleading. Neither PDVSA nor Bariven have been served with the summons or the petition, and the initial pleading was filed in state court on June 9, 2020. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

15. 28 U.S.C. § 1441(d) does not require consent to the removal.

16. Under Section 1446(d), written notice of removal must be promptly provided to all adverse parties, and a copy of the notice of removal must be filed with the clerk of the state court. A copy of this Notice of Removal shall be promptly sent to all counsel of record and will be filed with the Clerk of Court for the District Court of Harris County, Texas, as required by Section 1446(d). The Notice of Notice of Removal is attached as Exhibit 5.

WHEREFORE, notice is given that this action is removed from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas.

Dated: July 9, 2020             Respectfully submitted,

By:     */s/ Bruce D. Oakley*
        Bruce D. Oakley
        Texas SBN 15156900
        Southern District ID No. 11824
        Aaron R. Crane
        Texas SBN 24050459
        Southern District ID No. 619093
        Blake A. Jenkins
        Texas SBN 24097885
        Southern District ID No. 2887814

**HOGAN LOVELLS US LLP**
609 Main Street, Suite 4200
Houston, Texas 77002
T: (713) 632-1400
D: (713) 632-1446
F: (713) 632-1401
bruce.oakley@hoganlovells.com
aaron.crane@hoganlovells.com
blake.jenkins@hoganlovells.com

**Counsel for Defendants Petroleos de Venezuela, S.A. and Bariven, S.A.**