United States District Court
Southern District of Texas
**ENTERED**
September 03, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Ashburton International Supply, S.L., | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action 4:20-CV-02426 |
| | § | |
| Petroleos De Venezuela, S.A., | § | |
| PDVSA Services, Inc., PDVSA | § | |
| Services, B.V., and Bariven, | § | |
| S.A., | § | |
|    *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Ashburton International Supply S.L.'s ("Ashburton") motion for entry of default judgment as to Petroleos de Venezuela, SA ("PDVSA") and Bariven, S.A. ("Bariven"). ECF No. 73. This case was referred to the undersigned magistrate judge for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3. The court recommends that the motion be **GRANTED** and that default judgment as to liability be entered against Defendants PDVSA and Bariven. Damages, attorney's fees, and costs, if any, will be determined separately.

### I. *Background and Procedural Posture*

Ashburton, a Spanish corporation that supplies oil and gas services internationally, filed this lawsuit against PDVSA, a Venezuelan state-run oil company, and several of its purchasing agents and affiliates, including PSI, PSBV, and Bariven for breach of contract and quantum meruit. PSI has its place of business in

Houston, Texas, while the other purchasing agents, PSBV and Bariven, are in Venezuela. ECF No. 15 at 2-3. Ashburton alleges in its First Amended Complaint that PDVSA, through its purchasing agents, placed six purchase orders for oil and gas equipment. ECF No. 15 at 6. Ashburton was to deliver the equipment to Houston, Texas, and PDVSA's purchasing agents would later arrange for the equipment to be shipped to Venezuela. *Id.* at 7. For each purchase order, Ashburton submitted to Bariven an invoice describing the item purchased and its cost. ECF No. 15-2. In total, the cost of the items Ashburton sold to PDVSA is $3,907,407.00. ECF No. 15 at 6.

Ashburton alleges that Defendants have defaulted on their payment obligations despite Ashburton's timely delivery of the purchased equipment. ECF No. 15 at 7. In February 2017, Defendants allegedly made only a partial payment on two of the outstanding invoices and failed to pay the accrued interest on those invoices. *Id.* at 7. Defendants allegedly have failed to pay any principal or interest on the remaining four invoices. *Id.* Ashburton alleges that a principal balance of $3,024,267 remains due and owed by PDVSA and Bariven. ECF No. 15 at 8. According to Ashburton, Defendants have acknowledged the debt on several occasions. *Id*; ECF No. 15-3 at 2; ECF No. 15-4 at 2-3.

Because PDVSA and Bariven are located in Venezuela, Ashburton hired Crown Foreign Services to effectuate service abroad in accordance with the Hague Convention. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 36; *see also*

Fed. R. Civ. P. 4(f). ECF. No. 69-1 at 1. Ashburton alleges that on July 26, 2023, it forwarded to Celeste Ingalls, a process server employed by Crown Foreign Services, the Amended Complaint and issued summons to be translated and served upon Defendants. ECF No. 73 at 2.

In an affidavit, Ms. Ingalls stated that the packages containing all requisite documents were submitted to the Central Authority for Venezuela via DHL to be served upon Bariven and PDVSA. ECF No. 69-1, at 2. She averred that, according to the DHL, the packages were delivered on October 16, 2023. *Id.* Moreover, she stated that Venezuela has not confirmed its receipt of any service of process from the United States in over seven years and that it was reasonable to assume that no such confirmation would come within the next year. *Id.* To date, Venezuela's Central Authority has not provided any status update confirming its receipt of service of process as is required by Article 6 of the Hague Convention. U.S.T. at 362, art. 5, 6.

On April 18, 2024, Ashburton moved for entry of default judgment against PDVSA and Bariven.

## *II.* Analysis

Federal Rule of Civil Procedure 55(a) permits the entry of default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Rule 55(b) provides for entry of default judgment either by the clerk or by the court. If the amount of damages is not for a sum certain or cannot be determined by computation, the court must

make a determination of damages before entering default judgment. Fed. R. Civ. P. 55(b)(2)(B).

A default judgment "is a judgment on the merits that conclusively establishes the defendant's liability." *U.S. for Use of M-Co Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The party seeking default judgment must receive both an entry of default and a subsequent judgment against the defaulting defendant. Fed. R. Civ. P. 55.

### A. *Entry of Default against PDVSA and Bariven is Appropriate.*

Because PDVSA and Bariven are foreign entities, the court will first consider whether they have been properly served and are amenable to suit in the United States. This inquiry turns on the interplay between a federal statute, the Foreign Sovereign Immunities Act, 28 U.S.C. 1603 §(a) ("FSIA"), and the Hague Convention.

### 1. *PDVSA and Bariven were properly served and entry of default against Bariven is appropriate.*

Both parties correctly assert that service upon PDVSA and Bariven must be completed in accordance with the Hague Convention. ECF No. 74 at 4. Because PDVSA is an "agency or instrumentality" of Venezuela and therefore considered a foreign state within the meaning of FSIA, *see* 28 U.S.C. 1603(a), (b), service must be made upon it in accordance with an applicable international convention on service of judicial documents. 28

4

U.S.C. §1608(a)(2).[1] The United States and Venezuela are both signatories to the Hague Convention. *See A.T.N. Indus., Inc. v. Gross*, No. 4:14-CV-02743, 2016 WL 362309, at *4 (S.D. Tex. Jan. 29, 2016).

The parties dispute whether Bariven is an "agency or instrumentality" of Venezuela, *see* ECF No. 74 at 4, and therefore whether it should be served according to the service rules outlined in FSIA, 28 U.S.C. §1603(a), (b). Nonetheless the parties recognize that Rule 4(f)(1) requires serving Bariven—a foreign entity—in accordance with an internationally agreed upon means of service which, in this case, is also the Hague Convention. *Id.* As such, regardless of whether Bariven is an "agency or instrumentality" of Venezuela, the Hague Convention applies.

The Hague Convention provides "the exclusive means of valid service" for entities in countries that are signatories to it. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988). The Hague Convention requires each signatory state to establish a "Central Authority" to receive requests for service of documents from other countries. *See* 20 U.S.T. at 362, art. 2. The Hague Convention also requires the state's Central Authority to serve the documents and complete a certificate showing that the documents have been served. *Id.* art. 5, 6; *see also Lindsayca USA*

---

[1] Section 1608(b) of FSIA provides three methods of service that are listed in order of preference "such that a plaintiff must attempt the methods of service in the order they are laid out in the statute." *Magness v. Russian Fed'n*, 247 F.3d 609, 613 (5th Cir. 2001). The first method does not apply here because there is no "special arrangement for service" between the parties. 28 U.S.C. §1608(b)(1). And the third method does not apply because there is an applicable international convention on service of judicial documents which is the second method of service outlined in the statute. *Id.* at §1608(b)(3).

*v. Petroleos de Venezuela, S.A.*, No. 4:21-CV-00037, 2022 WL 3588041, at *3 (S.D. Tex. Aug. 22, 2022).

The court finds that Ashburton has presented credible evidence that it properly served the Defendants in compliance with the Hague Convention. Ashburton hired a process server, Celeste Ingalls, who provided a signed affidavit attesting that she prepared final packages which included all required documents, including the Summons and Ashburton's First Amended Complaint. ECF No. 69-1 at 3. Each document was translated into Spanish. *Id.* Ms. Ingalls further stated that DHL provided confirmation that the documents were delivered to the Central Authority of Venezuela on October 16, 2023. *Id.* Finally, she provided her expert opinion, based on her decades of experience as a process server, that the Central Authority of Venezuela would not provide confirmation of its receipt of service within the year and had failed to do so in any case for over seven years. *Id.* The Hague Convention does not require more than this to prove service. The court concludes that sufficient proof has been provided.[2]

---

[2] Defendants' arguments to the contrary are unpersuasive. First, Defendants cite *O'Donnell v. Diaz*, 2018 WL 7048073, at *2 (N.D. Tex. Dec. 21, 2018) which held that a declaration is insufficient proof of service under FRCP 4(*l*). But *O'Donnell* concerned the sufficiency of an affidavit in a situation in which the Hague Convention and FRCP 4(f)(1) do not apply. That is not this case here. Second, Defendants argue that because Ashburton never received any certificate of service from Venezuela's Central Authority as required by Article 6, Ashburton never properly served Defendants. The Fifth Circuit has already addressed this argument, holding in *Box v. Dall. Mexican Consulate Gen.*, 487 F. App'x 880, 886 (5th Cir. 2012) that a plaintiff had properly served Mexico under the Hague Convention when it delivered service documents to Mexico's Central Authority who failed to return a formal certificate. That is precisely this case.

Article 15 of the Hague Convention permits entry of default "even if no certificate of service or delivery has been received," provided three conditions are met. *See* 20 U.S.T. at 364–65, art. 15. First, it must be shown that the document has been transmitted by a method provided for in the Hague Convention; second, a period not less than six months has elapsed since the transmission of the document; and third, no certificate of any kind has been received, even though every reasonable effort has been made to obtain it. *Id.*

Each of these conditions has been satisfied. First, Ashburton sent the appropriate documents to the Venezuelan Central Authority by DHL. ECF No. 69-1 at 1. Second, more than six months has elapsed since the Venezuelan Central Authority received the request for service of process. *Id.* at 3 (showing that DHL confirmed that Central Authority received service on October 16, 2023). And third, the evidence establishes that the Venezuelan Central Authority has not provided a certificate of service as required by Article 6. In fact, Ashburton's process server provided her expert opinion that Venezuela has not executed *any* Hague requests for service from the United States in over seven years and is unlikely to. *Id.* Entry of default is therefore appropriate.[3]

---

[3] Defendants disagree. They cite a footnote in a Seventh Circuit case, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 600 (7th Cir. 2007), which held that Article 15, "by its terms" does not apply to a party that has appeared. Defendants contend that they have appeared and therefore cannot be held in default. However, the footnote in *e360 Insight* discussed only the first paragraph of Article 15. This is important. Article 15, paragraph 2 of the Hague Convention leaves each contracting state free to allow a judge to hold a defendant in default "notwithstanding" the provisions of the first paragraph. 20 U.S.T. at 364–65, art. 15. As such,

### 2. PDVSA is not immune to the jurisdiction of this court and an entry of default against it would be appropriate.

The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of the United States. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). A foreign state is presumptively immune from such jurisdiction unless it is shown that an exception to immunity exists. 28 U.S.C. §1604. A "foreign state" includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(b).

It is undisputed that PDVSA is an agency or instrumentality of Venezuela. As such, there must be an exception to Venezuela's sovereign immunity before default judgment can be entered. Additionally, default judgment cannot be entered against an agency or instrumentality of a foreign state unless the claimant establishes their "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. §1608(e). The court will turn to the immunity question before addressing whether default against PDVSA can be entered.

An exception to FSIA's presumptive immunity to jurisdiction exists when the suit is based upon a commercial activity carried on in the United States by the foreign state. 28 U.S.C. §1605(a)(2). "Commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. *Id.* at §1603(d). The commercial character of an activity is to be

---

Article 15's second paragraph does allow the entry of default notwithstanding the defendant's appearance.

8

determined by its nature rather than purpose. *Id.* Further, the commercial activity must have a substantial contact with the United States. *Id.* at §1603(e).

The commercial activities exception applies in this case because Ashburton's breach of contract claim is based upon PDVSA's commercial activities in the United States specifically in Houston, Texas. Ashburton attached to its First Amended Complaint six separate purchase orders, each denoting PSI, a wholly owned subsidiary of Bariven with its principal place of business in Houston, Texas, as the purchaser for the gas and oil equipment. ECF No. 15-1; ECF No. 15 at 4. Each purchase order shows that PSI requested that the equipment be delivered in Houston, Texas. ECF No. 15-1. The six invoices Ashburton attached to its First Amended Complaint were also submitted to PSI. ECF No. 15 at 4; ECF No. 15-2. This evidence is sufficient to show that PDVSA engaged in commercial activities in the United States and that it is not entitled to immunity.

Further, an agency or instrumentality of a foreign state such as PDVSA escapes a default judgment only if the claimant cannot establish their "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. §1608(e). The court finds that Ashburton submitted credible evidence of their breach of contract claim against PDVSA. The purchase orders demonstrate that Ashburton and PDVSA entered into six separate contracts for the delivery of oil and gas equipment between 2013 and 2016. ECF. No. 15-1. Ashburton has alleged, and Defendants have not contested, that all the equipment was delivered in a timely manner. ECF No. 15

9

at 7. The invoices show that PDVSA and its purchasing agents had a duty to pay Ashburton certain sums for its delivery of those items. ECF No. 15-2. And PDVSA has acknowledged the existence of a debt in the amount of $3,024,267 which proves breach of contract and injury to Ashburton. ECF No. 15-3 at 2, ECF No. 15-4 at 2-3. The court concludes that this evidence demonstrates that Ashburton has provided sufficient evidence of their "claim or right to relief" against PDVSA. 28 U.S.C. §1608(e).

### B. Entry of Default Judgment as to Liability with Respect to Both PDVSA and Bariven is Appropriate.

A party seeking default judgment is not entitled to it "as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). There must be greater reason to grant the default judgment than the defendant's mere failure "to meet a procedural time requirement." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," and so these allegations are taken as true at default judgment. Id.

Courts consider these six factors to determine whether entry of default judgment is appropriate:

1. Whether material issues of fact exist;
2. Whether there has been substantial prejudice;
3. Whether grounds for default are clearly established;
4. Whether default was caused by a good faith mistake or excusable neglect;
5. The harshness of a default judgment; and

6. Whether the court would be obliged to set aside the default on defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Default judgment as to liability would be appropriate here. Taking the facts set forth in the amended complaint as true, there are no material issues of fact. The Complaint clearly establishes a breach of contract. The parties agreed to the sale and delivery of gas and oil equipment, and the Defendants have failed to pay for the goods received. ECF No. 15 at 7; ECF No. 15-1; ECF No. 15-2. Ashburton has been prejudiced. It delivered the requested equipment but has not been paid. As discussed above, the grounds for default under both Article 15 of the Hague Convention and Section §1608(e) have been satisfied. There is no evidence of a good faith mistake. Default is not a harsh remedy in this case, given that Defendants owe a sum certain for valuable goods that they presumably have already made use of. And finally, there is no reason before the court that it would have to set aside the default upon Defendants' motion. The court concludes that all the requirements for default judgment as to liability have been met and recommends that default judgment establishing liability against PDVSA and Bariven be entered.

As is contemplated by Rule 55(b)(2)(B), the court will set further hearings and request briefing on the quantum of damages as well as attorney's fees and costs.

### III. Conclusion

The undersigned **RECOMMENDS** that Ashburton's Motion for default judgment be **GRANTED in part** as to liability only.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 2, 2024.

Peter Bray

United States Magistrate Judge

12