United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Ashburton International Supply, S.L., § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> Petroleos De Venezuela, S.A., § <br> PDVSA Services, Inc., PDVSA § <br> Services, B.V., and Bariven, § <br> S.A., § <br> *Defendants.* § | Civil Action 4:20-CV-02426 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is Defendants Petróleos de Venezuela, S.A. and Bariven, S.A.'s Motion to Dismiss the First Amended Complaint. ECF No. 88. The undersigned recommends that the motion be **GRANTED**.

### 1. *Background and Procedural Posture*

Ashburton International Supply, S.L. (Ashburton), a Spanish corporation that supplies oil and gas services and equipment internationally, filed this lawsuit against Petróleos de Venezuela, S.A. (PDVSA), a Venezuelan state-run oil company, and its purchasing agents—PDVSA Services, Inc. (PSI); PDVSA Services, B.V. (PSBV); and Bariven, S.A. (Bariven). Ashburton brought claims for breach of contract, quantum meruit, and acknowledgement of debt. ECF No. 15. Ashburton alleges that PDVSA, through its purchasing agents, placed six purchase orders for oil and gas equipment. *Id.* at 6. Each purchase order shows that the purchasing agent was "BARIVEN, S.A. c/o PDVSA Services, Inc." ECF No. 15-1. For each purchase order, Ashburton submitted an invoice noting the item provided and its cost to "BARIVEN, S.A.

c/o PDVSA Services, Inc." ECF no. 15-2. According to the purchase orders, Ashburton was required to deliver the items between September 30, 2013, and March 19, 2015. *Id*. at 2, 11, 21, 36, 44, 55. Ashburton alleges that it timely delivered all equipment and materials. ECF No. 15 at 7. Each invoice shows that payment was due "net 30 days" with the most recent invoice dated May 1, 2015. ECF No. 15-2. Ashburton alleges that the total cost of the items it sold to Defendants was $3,907,407.00. ECF No. 15 at 6.

Ashburton alleges that Defendants have defaulted in their payment obligations despite Ashburton's timely delivery of the purchased equipment. ECF No. 15 at 7. In February 2017, Defendants allegedly made only a partial payment on two of the outstanding invoices and failed to pay the accrued interest on those invoices. *Id*. at 7. Defendants allegedly have failed to pay any principal or interest on the remaining four invoices. *Id*. Ashburton alleges that a principal balance of $3,024,267 remains due and is owed by PDVSA and Bariven. ECF No. 15 at 8. According to Ashburton, Defendants have acknowledged the debt on several occasions. *Id*; ECF No. 15-3 at 2; ECF No. 15-4 at 2-3.

On June 9, 2020, Ashburton sued PDVSA, PSI, and Bariven in Texas state court for breach of contract and quantum meruit. ECF No. 1-2. On July 9, 2020, PDVSA and Bariven removed the case to this court. ECF No. 1. On May 7, 2021, Ashburton filed an amended complaint, raising breach of contract, quantum meruit, and acknowledgement of debt claims against all Defendants. On April 18, 2024, Ashburton moved for an order deeming service effective and for entry of default judgment against PDVSA and Bariven. ECF No. 73. On September 2, 2024, the undersigned issued a Memorandum and Recommendation finding that Ashburton had properly served PDVSA and Bariven and recommending default judgment be entered against both. ECF

No. 79. On November 13, 2024, the court adopted only the undersigned's recommendation as to service of process and permitted PDVSA and Bariven to respond to Ashburton's complaint by December 20, 2024.

PDVSA and Bariven move to dismiss Ashburton's complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6). They raise several arguments, including that 1) the court lacks subject matter jurisdiction over PDVSA; 2) the court lacks personal jurisdiction over PDVSA and Bariven; and 3) Ashburton has failed to state plausible claims for relief on its breach of contract, quantum meruit, and acknowledgement of debt claims. Ashburton disputes each contention.

## 2. *Motion to Dismiss*
### A. *Legal Standard*

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017) (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction has the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the

court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of plaintiff's pleadings."). However, when considering a motion to dismiss, a court must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On the other hand, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are "disentitled . . . to the presumption of truth." *Iqbal*, 566 U.S. at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

5

### B. Analysis
#### i. Joint Liability, Alter Ego Liability, and Agency Liability

Ashburton alleges that all Defendants are jointly liable; that PSI, Bariven, and PSBV are the alter egos of PDVSA; that PSI and PSBV are the agents of Bariven; and that PSI, PSBV, and Bariven are agents of PDVSA. ECF No. 15 at 12–15. PDVSA and Bariven argue that Ashburton's allegations are conclusory and do not adequately support joint, alter ego, or agency liability. ECF No. 88 at 27.

Ashburton has not alleged sufficient facts to support a joint liability theory. To show joint liability, Texas law requires showing a 1) mutual right of control, 2) community interest, 3) sharing of profits as principals, and 4) sharing of losses, costs, or expenses. *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 544 (S.D. Tex. 2011). Ashburton does no more than generally assert that "Defendants had a community of interest," that they "agreed to share profits and losses," and that they "had a mutual right of control or management of their venture." ECF No. 15 at 13. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Ashburton does not allege any facts to support a reasonable inference that the Defendants were engaged in a joint venture with each other. This is insufficient. *See, e.g.*, *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177 (E.D. Tex. Oct. 2, 2012) (holding that "broad and boilerplate" language without "specific factual allegations" did not support a joint enterprise theory).

Ashburton has also not alleged sufficient facts to support an alter ego theory of liability. The alter ego doctrine is reserved for "exceptional cases" and applies only if "(1) the owner exercised complete control over the corporation with respect to the

6

transaction at issue and (2) such control was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Bridas S.A.P.I.C v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006). Ashburton's allegations here are conclusory. Ashburton does not point to any specific factual allegations to support the theory that PDVSA or Bariven exercised "complete control" over PSI or PSBV. Ashburton only states generally that PDVSA used PSI, Bariven, and PSBV "to perpetuate an actual fraud" but fails to plead fraud with "particularity" as required by Federal Rule of Evidence 9(b). *See Benchmark Elecs. V. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (noting that Rule 9(b) requires the "'the who, what, when, where, and how' to be laid out") (citation omitted).

Finally, Ashburton has not alleged sufficient facts to support a theory of agency liability. The "critical element of an agency relationship is the right of control, and the principal must have the right to control both the means and details of the process by which the agent is to accomplish his task in order for an agency relationship to exist." *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 819 (S.D. Tex. 2001). Further, in the Foreign Sovereign Immunities Act (FSIA) context, a purported agent must act with actual authority to obtain subject matter jurisdiction over a defendant under the statute's commercial activity exception. *Dale v. Colagiovanni*, 443 F.3d 425, 428 (5th Cir. 2006). Ashburton's allegations are conclusory. Ashburton alleges that Bariven "has ultimate control of all such business affairs" of PSI and PSBV but does not provide any specific factual allegations. ECF No. 15 at 14. Ashburton also alleges that PDVSA "has ultimate control of all such business affairs" of PSI, PSBV, and Bariven, but does not provide any specific factual detail to support this conclusory allegation. *Id.* at 15. Ashburton also does not provide any allegations concerning whether PSI, PSBV, or Bariven

7

acted with actual authority when conducting business on behalf of Bariven or PDVSA. Given these failures, Ashburton has not pleaded sufficient facts to make reasonable the inference that agency liability applies in this case.

### i. PDVSA: Subject-Matter and Personal Jurisdiction

The Foreign Services Immunity Act (FSIA) provides the sole basis for obtaining subject-matter and personal jurisdiction over a foreign state in the courts of the United States. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). A "foreign state" includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(b). It is undisputed that PDVSA is an agency or instrumentality of Venezuela. A foreign state is presumptively immune from jurisdiction unless it is shown that an exception to immunity exists. 28 U.S.C. § 1604. Personal jurisdiction usually follows when an immunity exception applies because "[FSIA's] jurisdictional provision, 28 U.S.C. § 1330, pegs both subject-matter and personal jurisdiction to the exceptions." *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 145 S. Ct. 1572, 1578 (2025).

An exception to FSIA's presumptive immunity to subject-matter jurisdiction exists when the suit is based upon a commercial activity carried on in the United States by the foreign state. 28 U.S.C. § 1605(a)(2). "Commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. *Id.* at § 1603(d). The commercial character of an activity is to be determined by its nature rather than purpose. *Id.* Further, the commercial activity must have a substantial contact with the United States. *Id.* at § 1603(e).

The undersigned previously held that PDVSA had engaged in commercial activities within the United States and, as a result, that subject-matter and personal jurisdiction existed. ECF No. 79

8

at 8–10. PDVSA and Bariven, disagreeing with this conclusion, claim that Ashburton has failed to establish that PDVSA engaged in any commercial activities within the United States. ECF No. 88 at 13. Their principal argument is that PDVSA never contracted with Ashburton and that the actions of PSI and PSBV cannot be attributed to PDVSA for jurisdictional purposes. *Id*. The court notes that PDVSA and Bariven never mentioned these arguments in the previous briefing on the motion for default judgment. These arguments were raised for the first time in objections to the undersigned's memorandum and recommendation.

Upon review of the arguments PDVSA and Bariven raise in their motion to dismiss, the undersigned now agrees that PDVSA is not subject to the FSIA's commercial activity exception. Ashburton points to the purchase orders and invoices as evidence that PDVSA has carried out commercial activities within the United States. ECF No. 78 at 5–6; ECF No. 92 at 4. The six purchase orders note that the purchasing agent was "BARIVEN, S.A. c/o PDVSA Services, Inc." ECF No. 15-1 at 2, 11, 21, 36, 44, 55. Similarly, the six invoices were addressed to the same entity—"BARIVEN, S.A. c/o PDVSA Services, Inc." ECF No. 15-2 at 2–7. These documents suggest that Bariven and PSI, and not PDVSA, contracted with Ashburton for the delivery of oil and gas equipment. *See Isaac Indus., Inc. v. Petroquimica de Venezuela*, No. 19-CV-23113, 2022 WL 4483397, at *3 (S.D. Fla. Sept. 27, 2022) (finding that there was no contract between Plaintiff and PDVSA, in part, because Plaintiff's evidence referred only to Bariven and PSBV rather than PDVSA).

Ashburton has also not shown that Bariven's and PSI's activities should be attributed to PDVSA for jurisdictional purposes. *See Conti 11. Container Schiffarts-GMBH v. MSC Mediterranean Shipping Co.*, 91 F.4th 789, 800-01 (5th Cir. 2024) ("Generally, a foreign parent corporation is not subject to the

9

jurisdiction of a forum state merely because its subsidiary is present or doing business there[.]"). The Fifth Circuit has explained that a court may consider several factors to determine whether corporations should be "fused" for jurisdictional purposes, including "(1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities." *Id.* at 801. Ashburton has not pleaded any specific facts concerning stocks, headquarters, corporate formalities, accounting systems, or control, to support a conclusion that Bariven's or PSI's actions should be attributed to PDVSA for jurisdictional purposes.

Because Ashburton has not shown that PDVSA conducted commercial activities within the United States and has not shown that Bariven's and PSI's actions should be attributed to PDVSA, the court recommends that Bariven's and PDVSA's motion to dismiss all claims against PDVSA be **GRANTED**.

### *ii. Bariven: Personal Jurisdiction*

PDVSA and Bariven argue that Ashburton's claims against Bariven must be dismissed because this court lacks personal jurisdiction over Bariven. ECF No. 88 at 18. PDVSA and Bariven argue that Ashburton failed to effect service on Bariven. *Id.* But the district judge has adopted the undersigned's finding that Ashburton has properly served PDVSA and Bariven. ECF No. 79. The court sees no reason to revisit that issue.

PDVSA and Bariven also argue that Bariven lacks sufficient minimum contacts with this forum. *Id.* at 19. However, the Supreme Court has recently clarified that the FSIA does not require proof of "minimum contacts" before a court can exercise personal jurisdiction over a foreign state. *CC/Devas (Mauritius)*

*Ltd.*, 145 S. Ct. at 1579. The Supreme Court explained that personal jurisdiction over a foreign sovereign is "automatic" whenever an exception to immunity applies and service has been accomplished. *Id.*

This court may exercise personal jurisdiction over Bariven because service has been accomplished, and the commercial activity exception applies. As explained, an exception to FSIA's presumptive immunity applies when the suit is based upon commercial activity carried on in the United States by the foreign state. 28 U.S.C. § 1605(a)(2). Ashburton has attached to its complaint purchase orders and invoices that show that Bariven contracted with Ashburton for the delivery of oil and gas equipment. The purchase orders and invoices show that the purchaser was "BARIVEN, S.A. c/o PDVSA Services, Inc." ECF No. 15-1 at 2, 11, 21, 36, 44, 55; ECF No. 15-2 at 2–7. These documents demonstrate that Bariven and PSI contracted with Ashburton for the delivery of the equipment. *See Isaac Indus., Inc.*, 2022 WL 4483397, at *3 (finding that plaintiff had sufficiently alleged that Bariven conducted commercial activities, in part, because plaintiff's invoices referred specifically to "BARIVEN, S.A. C/O PDVSA Services, B.V. and BARIVEN, S.A./PEQUIVEN S.A."). Additionally, according to the contract terms, the equipment which Bariven and PSI contracted for was to be delivered to Houston, Texas. ECF No. 15-1 at 2, 11, 21, 36, 44, 55.

Ashburton has alleged specific facts concerning Bariven's commercial activities within the United States. Because personal jurisdiction over a foreign entity is "automatic" when service has been accomplished and an exception to immunity applies, *see CC/Devas (Mauritius) Ltd.*, 145 S. Ct. at 1580, this court may exercise personal jurisdiction over Bariven as well. As such, the court recommends that PDVSA and Bariven's motion to dismiss

11

Ashburton's claims against Bariven based on lack of personal jurisdiction be **DENIED**.

### iii. Breach of Contract, Quantum Meruit, and Acknowledgement of Debt

Though subject-matter and personal jurisdiction exist as to Bariven, Ashburton nevertheless cannot maintain its claims against Bariven because its breach of contract and quantum meruit claims are time-barred and because its acknowledgment of debt claim does not apply to Bariven.

Under Texas law, the statute of limitations is the same for breach of contract and quantum meruit claims—four years. Tex. Civ. Prac. & Rem. Code § 16.051. In general, a cause of action accrues "when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). More specifically, a breach of contract claim accrues "immediately upon breach." *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). A quantum meruit claim accrues "on the last date when the services at issue were provided." *Abira Med. Lab'ys, LLC v. Blue Cross & Blue Shield of Texas*, No. 3:24-CV-2001-B, 2025 WL 790634 (N.D. Tex. Mar. 12, 2025).

Ashburton's purchase orders and invoices show that its breach of contract and quantum meruit claims are time-barred. The most recent invoice attached to Ashburton's complaint is dated May 1, 2015, with payment due within 30 days. ECF No. 15-2 at 6. Because a claim for breach of contract accrues "immediately upon breach," Ashburton's breach of contract claim accrued on June 1, 2015, upon Bariven's failure to pay the invoice. Ashburton did not sue Bariven and PDVSA until June 9, 2020—more than a year late.

The same conclusion applies to Ashburton's quantum meruit claim. Ashburton alleges that it delivered all equipment and

12

services "on time." ECF No. 15 at 7. The last delivery date for equipment was March 19, 2015. ECF No. 15-1 at 55. Because a quantum meruit claim accrues "on the last date when the services at issue were provided," Ashburton was required to sue Bariven and PDVSA by March 2019 to satisfy the four-year statute of limitations. But Ashburton did not sue until June 9, 2020. Ashburton's quantum meruit claim is time-barred.

Under Texas law, a party may sue on a debt that would otherwise be barred by the four-year statute of limitations if the debtor later acknowledges the debt in writing. Tex. Civ. Prac. &. Rem. Code § 16.065. An acknowledgement operates "as a new obligation rather than merely as a revival of the prior debt." *Matter of Vineyard Bay Dev. Co., Inc.*, 132 F.3d 269, 271 (5th Cir. 1998). Texas courts have required that a plaintiff suing on an acknowledgment of debt show that the agreement "1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgement of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002).

Ashburton cannot maintain an acknowledgment of debt claim against Bariven. Ashburton has not shown that there was an agreement "signed by the party to be charged," that is, Bariven. Ashburton attaches to its complaint meeting minutes from November 2016 and February 2017 that purport to establish an acknowledgment of debt. ECF No. 15-3; ECF No. 15-4. However, the meeting minutes show only that representatives from PSBV and Ashburton attended. *Id*. There is no evidence that a Bariven representative signed the document or acknowledged any debt.

Ashburton also attaches to its complaint documents referencing an outstanding balance owed to Ashburton. ECF No. 15-5; ECF No. 15-6. The first document is an email from Erika

13

Garrido, the "Accounts Payable Supervisor" at PDVSA Services, Inc. in Houston. ECF No. 15-5 at 3. It was sent from a "psi.pdv.com" email address. *Id.* The email does not refer to Bariven or show that a Bariven representative signed it. ECF No. 15-5. The second document is a letter with a heading that states it is from "Bariven S.A. C/O PDVSA Services, B.V." ECF No. 15-6 at 2. However, the document was signed by the "Head of Finance Department" at "PDVSA Services B.V.," not by a representative of Bariven. *Id.* at 2. Moreover, the letter states "[w]e confirm that on the 12/31/2016 our account with [Ashburton] showed a balance of USD 6,312439.32 in your favor." *Id.* It merely states what the balance was on a date certain; it does not state any willingness to honor any obligation owed to Ashburton, which is a requirement for an acknowledgment of debt claim. *Stine*, 80 S.W.3d at 591.

For the reasons provided, the undersigned recommends that PDVSA and Bariven's motion to dismiss Ashburton's breach of contract, quantum meruit, and acknowledgment of debt claims be **GRANTED**.

### iv. *Account Stated*

In its complaint, Ashburton only brought breach of contract, quantum meruit, and acknowledgment of debt claims against the Defendants. In its response, however, Ashburton states for the first time that it also raises an account stated claim. ECF No. 92 at 11. Even if this claim were properly before the court, Ashburton's account stated claim fails. A party can recover on an account stated claim when "(1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness." *Dulong v. Citibank*, 261 S.W. 3d 890, 893 (Tex. App. 2008).

14

As with its acknowledgment of debt claims, Ashburton's account stated claim is time-barred. Such a claim must be brought within four years after the cause of action accrues. *Abira Med. Labs., LLC v. Blue Cross and Blue Shield of Texas*, No. 4:24-CV-481, 2024 WL 5269202, at *3 (S.D. Tex. May 17, 2024). A cause of action for an account stated accrues when the dealings in which the parties were interested together cease. *Torshare LTD. v. iGlo, LLC*, No. 4:22-cv-00482-BP, 2023 WL 4485919, at *4 (N.D. Tex. July 11, 2023). The claim accrued once the equipment was delivered and the invoices became due, which was well outside the four-year limitations period. Ashburton provides no evidence establishing that Bariven, as "the one to be charged," made any promise to pay any alleged indebtedness within the four years prior to the date this suit was filed. None of the documents discussed above indicate that a Bariven representative made a promise to pay the debt. For this reason, the undersigned recommends that Ashburton's account stated claim be **DISMISSED**.

### 3. *Conclusion*

The undersigned recommends that PDVSA and Bariven's Motion to Dismiss Ashburton's claims against PDVSA and Bariven be **GRANTED**. The undersigned recommends that claims against PDVSA be **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The undersigned recommends Ashburton's claims against Bariven be **DISMISSED** with prejudice for failure to state a claim.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on July 30, 2025.

_____
Peter Bray
United States Magistrate Judge