United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHBURTON INTERNATIONAL SUPPLY S.L., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. 4:20-CV-02426 |
| PETROLEOS DE VENEZUELA, S.A., PDVSA SERVICES, INC., PDVSA SERVICES, B.V., and BARIVEN, S.A., | § § § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the July 30, 2025 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 101). Judge Bray made findings and conclusions and recommended that Defendant's Motion to Dismiss the First Amended Complaint, (Dkt. No. 88), be granted, (Dkt. No. 101).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On August 13, 2025, Defendants Petroleos de Venezuela, S.A. ("PDVSA") and Bariven, S.A. ("Bariven") filed four objections.[1] (Dkt. No. 104). First, Defendants object to the finding that PDVSA and Bariven failed to raise an argument about the merits of Ashburton's claim regarding the default judgment in a timely manner. (Dkt. No. 104 at 1–2). Second, Defendants object to the finding that

---

[1] PDVSA and Bariven maintain that Judge Bray's recommendation is correct and should be adopted but objected to preserve the issues for further review if necessary. (Dkt. No. 104 at 1).

service on PDVSA and Bariven was effective. (*Id.* at 1–2). Third, Defendants object to the finding that exercising personal jurisdiction over Bariven would comport with the Fifth Amendment's Due Process Clause. (*Id.* at 1, 3) (discussing *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. ____, ____, 145 S.Ct. 1572, 1579, 221 L.Ed.2d 867 (2025)). Fourth, Defendants object to the finding that the claims against PDVSA should be dismissed without prejudice. (*Id.* at 1, 3–4).

On August 29, 2025, Plaintiff Ashburton International Supply S.L. ("Ashburton") objected to "all findings and recommendations contained within the [M&R] . . . other than the statement that Ashburton had properly served PDVSA and Bariven and its finding that personal jurisdiction had been perfected over Bariven." (Dkt. No. 105 at 13). In doing so, Ashburton filed 13 objections. Specifically, Ashburton objects to the recommendations that (1) PDVSA and Bariven's Motion to Dismiss Ashburton's claims against PDVSA and Bariven be granted, (*id.* at 14); (2) PDVSA be dismissed without prejudice for lack of subject matter jurisdiction, (*id.* at 14–15); and (3) Ashburton's claims against Bariven be dismissed with prejudice for failure to state a claim, (*id.* at 15). Further, Ashburton also objects to Judge Bray's findings that (1) Defendants are not jointly liable, (*id.* at 6–9, 14); (2) PDVSA Service, Inc. ("PSI"), Bariven, and PDVSA Services, B.V. ("PSBV") are not PDVSA's alter egos, (*id.*); (3) PSI and PBSV are not Bariven's agents, (*id.*); (4) PSI, PSBV, and Bariven are not PDVSA's agents, (*id.*); (5) Ashburton's allegations are conclusory, lack sufficient facts, and do not demonstrate joint, alter-ego, or agency liability, (*id.*); (6) the Foreign Services Immunity Act ("FSIA")'s commercial activity exception does not apply to PDVSA, (*id.* at 9–12, 14); (7) Ashburton did not show that

Bariven's and PSI's activities are attributable to PDVSA for jurisdictional purposes, (*id.*); (8) Ashburton's breach of contract and quantum meruit claims are time-barred, (*id.* at 13–14); (9) Ashburton's acknowledgement of debt claim does not apply to Bariven, (*id.*); and (10) Ashburton's account stated claim is time-barred, (*id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the court accepts the M&R and adopts it as the opinion of the Court except to the extent that it applies the Foreign Sovereign Immunity Act's (FSIA) personal jurisdiction test, 28 U.S.C. § 1330(b), to Bariven. The Court may exercise personal jurisdiction over Bariven. Plaintiff has served Bariven. Bariven contracted with Ashburton through PSI to deliver equipment to Houston, Texas, for Bariven's use in Venezuela. Bariven's failure to pay for the equipment forms the basis for this dispute. Bariven thus purposefully availed itself of the privilege of doing business in Texas. Exercising personal jurisdiction over Bariven would not offend the Due Process Clause.

As explained above, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Bray's M&R, (Dkt. No. 101), is **ACCEPTED** and **ADOPTED** as the holding of the Court; and

(2) Defendant's Motion to Dismiss the First Amended Complaint, (Dkt. No. 88), is **GRANTED**.

It is SO ORDERED.

Signed on September 16, 2025.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

4